UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTASHE GOLDEN, M.D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUND INPATIENT PHYSICIANS MEDICAL GROUP, INC.; DAMERON HOSPITAL ASSOCIATION, a California Non-Profit Association; NICHOLAS ARISMENDI, an individual and DOES 1-10, inclusive,<br><br>　　　　Defendants. | No.  CIV. S-14-497 LKK/EFB<br><br>**ORDER** |

　　Plaintiff has filed a Complaint alleging state law claims, with federal jurisdiction predicated upon diversity jurisdiction. ECF No. 1 ¶ 1.  However, the sole jurisdictional allegations are that "the Plaintiff is a resident of a different state from the Defendant [sic] and because the value of the matter in controversy exceeds $75,000."  Id.  The Complaint does not allege the specific facts that would allow this court to determine if diversity jurisdiction exists.

////

1

Specifically, the Complaint fails to allege (1) the plaintiff's State citizenship, (2) the principal place of business of defendant Dameron Hospital Association, (3) the place of incorporation and the principal place of business of Sound Inpatient Physicians Medical Group, Inc., and (4) defendant Arismendi's State citizenship.[1]  See, e.g., Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001) (in a removal case, the "failure to specify Plaintiffs' state citizenship was fatal" to the assertion of diversity jurisdiction); Nelson v. Matrixx Initiatives, Inc., 2012 WL 1094316 at *2 (N.D. Cal. 2012) (Alsup, J.) ("In his first amended complaint, plaintiff must allege defendant Matrixx's state of incorporation and the state where it has its principal place of business") (citing 28 U.SC. § 1332(c)(1)).

Accordingly,

1.   The court, sua sponte, **DISMISSES** the Complaint with leave to amend within 30 days from the date of this order; and

2.   All pending motions to dismiss the Complaint and to compel arbitration (ECF Nos. 8, 10 & 11), are hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED:  March 31, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that there are three defendants, not just the unspecified one referred to in the Complaint's jurisdictional statement, raising the issue of whether complete diversity exists.  See In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties — each defendant must be a citizen of a different state from each plaintiff").

2