UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTASHE GOLDEN, M.D., | No.  CIV. S-14-497 LKK/EFB |
| Plaintiff, | |
| v. | **ORDER** |
| SOUND INPATIENT PHYSICIANS MEDICAL GROUP, INC.; DAMERON HOSPITAL ASSOCIATION, a California Non-Profit Association; NICHOLAS ARISMENDI, an individual and DOES 1-10, inclusive, | |
| Defendants. | |

The court has determined that the pending motion can be determined on the basis of the papers already filed, and accordingly the hearing on this motion, currently scheduled for July 28, 2014, is **VACATED**.

Plaintiff has filed a First Amended Complaint ("Complaint") alleging three California claims, with federal jurisdiction predicated solely upon diversity jurisdiction.  ECF No. 14.  This court dismissed plaintiff's original complaint sua sponte because it failed to allege plaintiff's citizenship, and the citizenship

1

of the defendants, depriving the court of the information it needed to determine whether diversity jurisdiction existed. ECF No. 13.

The amended Complaint once again does not plead plaintiff's citizenship, even though the court, in its prior order, specifically identified this defect in the original complaint. Rather, the amended Complaint pleads, again, only that plaintiff is a "resident" of California. ECF No. 14 ¶ 3. This allegation is insufficient to establish plaintiff's citizenship.[1] Carolina Cas. Ins. Co. v. Team Equipment, Inc., 741 F.3d 1082, 1086 (9th Cir. 2014) ("The technical defects in this case include alleging diversity jurisdiction based on residency rather than citizenship, and failing to allege the principal place of business of a corporation"); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005) ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship"); Snell v. Cleveland, Inc., 316 F.3d 822, 824 (9th Cir. 2002) (per curiam) ("The complaint inadequately alleged the facts necessary to establish diversity jurisdiction" because "it alleged that Donald Snell resided in North Dakota, not that he was a citizen of that state"); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and

---

[1] For these purposes, diversity jurisdiction exists between "citizens of different States," and between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1) & (2).

1  Pfizer's notice of removal both state that Plaintiffs were
2  'residents' of California. But the diversity jurisdiction
3  statute, 28 U.S.C. § 1332, speaks of citizenship, not of
4  residency"); Mantin v. Broadcast Music, Inc., 244 F.2d 204, 206
5  (9th Cir. 1957) ("The complaint alleged that plaintiff was 'a
6  professional entertainer and composer residing in the County of
7  Los Angeles, State of California.'  That, however, cannot be
8  regarded as an allegation that plaintiff was a citizen of
9  California.  Residence and citizenship are not the same thing").
10      In addition, although plaintiff now alleges the place of
11 incorporation of defendant Sound Inpatient Physicians Medical
12 Group, Inc. ("Sound") – the only surviving defendant – she once
13 again fails to allege Sound's principal place of business, even
14 though in its prior order, the court specifically identified that
15 defect in the original complaint.[2]  Plaintiff alleges that Sound
16 has its "principal office" in Tacoma Washington, but does not
17 allege where it has is principal place of business.[3]
18      The court is thus again deprived of the information it needs
19 to determine whether diversity jurisdiction exists.  The failure

---

[2] A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added).

[3] The complaint does not explain what legal relevance there is, for diversity purposes, to the location of a corporation's "principal office."  However, the court notes that the location of the "main office" is pertinent to diversity jurisdiction for a national bank, not a corporation.  See 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) ("we hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

to properly allege the citizenship of the parties is a technical defect (that is, if the parties are, in fact, diverse), that plaintiff should normally be permitted to cure by amendment. Team Equipment, 741 F.3d at 1086 (alleging residence rather than citizenship in a diversity case is a "technical defect[]", and "plaintiff should be permitted to amend a complaint to cure 'technical' defects").  However, this is also the second consecutive complaint in which plaintiff, who is represented by counsel, has failed to allege jurisdiction properly.  The Complaint will therefore be dismissed with leave to amend. However, plaintiff is cautioned that failure to properly allege jurisdiction in the next amended complaint will subject her to sanctions, including possible dismissal of the action with prejudice.

    Accordingly,

    1.  The First Amended Complaint is hereby **DISMISSED** with leave to amend within 30 days from the date of this order; and

    2.  Defendant's motion to dismiss (ECF No. 19), which does not address the jurisdictional issue, is **DENIED** as moot.

    **IT IS SO ORDERED.**

    Dated:  July 22, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4