UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Otashe Golden, M.D.,<br><br>                    Plaintiff,<br><br>          v.<br><br>SOUND INPATIENT PHYSICIANS<br>MEDICAL GROUP, INC., and DOES 1-<br>10, inclusive,<br><br>                    Defendants. | No.  2:14-cv-00497-TLN-EFB<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTIONS TO DISMISS** |

          This matter is before the Court pursuant to Defendant Sound Inpatient Physicians Medical

Group, Inc.'s ("Defendant") Motion to Dismiss.  (ECF No. 34.)  Plaintiff Otashe Golden, M.D.

("Plaintiff") filed an Opposition to Defendant's motion.  (ECF No. 44.)  The Court has reviewed

and considered the arguments in Defendant's Motion to Dismiss and Reply, along with Plaintiff's

Opposition.  The Court hereby GRANTS Defendant's Motion to Dismiss with leave to amend.

          I.          FACTUAL AND PROCEDURAL BACKGROUND

          Plaintiff is the majority shareholder in California Hospitalist Physicians, Inc. ("CHP").

(ECF No. 34 at 6.)  In 2009 CHP contracted with Dameron Hospital Association ("DHA") to

provide hospitalist services.  (ECF No. 34 at 6.)  The contract expired on April 4, 2012.  (ECF

No. 34 at 6.)  Defendant was chosen to replace Plaintiff as the new hospitalist group for DHA.

1

1   (ECF No. 34 at 6.)  DHA asked community physicians to work with Defendant.  (ECF No. 34 at

2   6.)

3          In the Second Amended Complaint ("SAC") Plaintiff alleges that on April 4, 2012, she

4   entered into agreements with several doctors to provide hospitalist services for their patients.

5   (ECF No. 33 at ¶ 7.)

6          Plaintiff allegedly provided a list to Defendant that contained the doctors that designated

7   Plaintiff as the hospitalist for their patients.  (ECF No. 33 at ¶ 8.)  This list was posted in the

8   Emergency Room.  (ECF No. 33 at ¶ 9.)  Plaintiff alleges that Defendant's Medical Director,

9   Case Manager, and Hospitalist routinely instructed hospital staff to ignore the designation list and

10  admit Plaintiff's patients as Defendant's patients.  (ECF No. 33 at ¶ 10.)

11         Plaintiff initially filed a complaint on February 18, 2014.  (ECF No. 1.)  The

12  aforementioned complaint was dismissed because Plaintiff failed to specify proper jurisdiction.

13  (ECF No. 13.)  Plaintiff then filed the First Amended Complaint on April 28, 2014.  (ECF No.

14  14.)  The First Amended Complaint again failed to plead Plaintiff's citizenship and was

15  dismissed.  (ECF No. 32.)

16         Plaintiff filed the Second Amended Complaint and Demand for a Jury Trial on July 29,

17  2014, alleging interference with a prospective economic advantage, violation of California

18  Business and Professions Code section 17200, and interference with the right to practice a

19  profession.  (ECF No. 33.)

20         Defendant contends that Plaintiff's Second Amended Complaint is both factually and

21  legally deficient, and thus moves this Court to dismiss Plaintiff's Second Amended Complaint

22  with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 34.)

23  II.    STANDARD OF LAW

24         Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

25  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

26  U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

27  defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

28  *v. Twombl*y, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

1   pleading standard relies on liberal discovery rules and summary judgment motions to define

2   disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*,

3   534 U.S. 506, 512 (2002).

4        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

5   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

6   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

7   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

8   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

9   relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

10   factual content that allows the court to draw the reasonable inference that the defendant is liable

11   for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

12        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

13   factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

14   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

15   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

16   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

17   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

18   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

20   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

21   been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

22   459 U.S. 519, 526 (1983).

23        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

24   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

25   *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

26   the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While

27   the plausibility requirement is not akin to a probability requirement, it demands more than "a

28   sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a

3

1   context-specific task that requires the reviewing court to draw on its judicial experience and

2   common sense." *Id.* at 679.

3         In ruling upon a motion to dismiss, the court may consider only the complaint, any

4   exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

5   Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

6   *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

7   1998).

8         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

9   amend even if no request to amend the pleading was made, unless it determines that the pleading

10   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

11   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

12   *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

13   denying leave to amend when amendment would be futile).  Although a district court should

14   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

15   deny such leave is 'particularly broad' where the plaintiff has previously amended its

16   complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

17   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

18   III.    ANALYSIS

19         Plaintiff alleges interference with a prospective economic advantage (Count I), a violation

20   of California Business and Professions Code section 17200 (Count II), and interference with the

21   right to practice a profession (Count III).  (ECF No. 33.)  The Court dismisses Count I, Count II,

22   and Count III with leave to amend.  The Court addresses each of Plaintiff's Causes of Action

23   separately below.

24       **a.  Interference with a Prospective Economic Advantage (Count I)**

25         Plaintiff's first cause of action alleges interference with a prospective economic

26   advantage.  The elements for such a claim are as follows: (1) an economic relationship between

27   the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

28   (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant

1    designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic

2    harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v.*

3    *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003); *Buckaloo v. Johnson*, 14 Cal. 3d 815, 827

4    (1975). Defendant asserts that: (1) Plaintiff failed to establish an economic relationship between

5    herself and a third party with the probability of future economic benefit; (2) Defendant has not

6    alleged to have nor has committed any intentional act; and (3) Defendant has not interfered with

7    any existing relationship between Plaintiff and a third party. (ECF No. 34 at 2.)

8            The Court finds that Plaintiff has met elements (2), (4) and (5) [1] and thus, focuses its

9    analysis on elements (1) and (3).

10           i.      *Economic relationship between plaintiff and some third party with the probability of*

11                  *future economic benefit to the plaintiff*

12           Defendant alleges that Plaintiff has not established an economic relationship or probability

13   of future relationship. (ECF No. 34 at 2.) Plaintiff bases her claim upon agreements she alleges

14   she entered into with several doctors. (ECF No. 33 at ¶ 7.)

15           Defendant argues that Plaintiff's claim for interference with a prospective economic

16   advantage fails because Plaintiff failed to establish intentional interference based upon a contract

17   and because Plaintiff failed to attach or allege the substance of the contract. (ECF No. 34 at 10.)

18   In order to establish intentional interference based upon a contract, a party is required to: (1) set

19   out the written contract in verbatim in the complaint; (2) attach the contract as an exhibit; or (3)

20   plead in full in accordance with the contract's legal effect. *Staples v. Arthur Murray*, 253 Cal.

21   App. 2d 507, 513 (1967). Defendant incorrectly argues that Plaintiff was required to have a

22   legally binding contract. However, interference with a prospective economic advantage, a tort

23   that similarly compensates for the loss of an advantageous economic relationship, does not

24   require the existence of a legally binding contract. *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152

25   (2004). Thus, Plaintiff was not required to have a legally binding contract to bring this particular

26

27   _____

     [1]  The Court finds that Plaintiff has properly pleaded the following: (2) that there was knowledge of the relationship
     (ECF No. 33 at 13); (4) there was an actual disruption of the relationship (ECF No. 33 at ¶ 15); and (5) that Plaintiff

28   suffered economic harm as a result of Defendant allegedly instructing staff to ignore the designation list. (ECF No.
     33 at ¶¶ 10 &16.)

1 | claim.

2 |      Further, Defendant argues that Plaintiff failed to establish an economic relationship

3 | between herself and an identifiable third party.  (ECF No. 34 at 10.)  However, Plaintiff

4 | specifically pleaded that she entered into a relationship with several doctors, who were third

5 | parties to Plaintiff's relationship with Defendant.  (ECF No. 33 at ¶ 7.)  Defendant relies on the

6 | reasoning in *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (1995).  In *Roth* the court explained that a

7 | party cannot maintain a claim where the existing relationship is speculative.  *Id.*  However,

8 | Plaintiff alleged that she entered into a relationship with several named doctors, which was more

9 | than the speculative nature of the unknown patients in *Roth*.  Plaintiff is not required to allege

10 | "'specific facts' beyond those necessary to state [her] claim."  *Twombly*, 550 U.S. at 570.  By

11 | stating that she entered into agreements with doctors, Plaintiff met the burden of providing the

12 | necessary facts to allege that she had an economic relationship between herself and the doctors.

13 |      Defendant relies on *Westside Ctr. Assoc. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507,

14 | 525 (1996) to argue that Plaintiff did not demonstrate "the existence of a specific economic

15 | relationship."  (ECF No. 34 at 9.)  In *Westside*, the court described how the defendant's tortious

16 | conduct must interfere with a specific existing relationship using the precedent set forth in

17 | *Rickards v. Canine Eye Registration Fdtn., Inc.*, 704 F.2d 1449 (9th Cir. 1983).  *Westside*, 42 Cal.

18 | App. 4th at 525.  In *Rickards*, the plaintiffs were veterinarians who could not acquire the

19 | certification necessary to perform eye examinations in order to list dogs in the defendant's

20 | registry of canine eye diseases.  *Rickards*, 704 F.2d at 1452.  The plaintiffs alleged that the

21 | defendant's establishment of the registry disrupted the veterinarians' economic relationship with

22 | dog owners.  *Id.*  The court affirmed a directed verdict for the defendants stating that the evidence

23 | failed to establish "the *existence of a specific economic relationship* between [the plaintiff] and

24 | third parties . . . ."  *Id.* at 1456 (emphasis added).  The court concluded that the veterinarians had

25 | no specific relationship with potential registry clients, and their lack of certification did not

26 | interfere with an "ongoing business relationship" between the veterinarians and their regular

27 | clients, who continued to see them for other purposes.  *Id.*  According to the *Rickards* court, a

28 | defendant's tortious conduct must interfere with a specific existing relationship, not simply with

6

the formation of one in the future.  *Id.*; *see also Westside Ctr. Assoc.*, 42 Cal. App. 4th at 525.

Plaintiff specifically claimed that she had an economic relationship with the specified doctors.  (ECF No. 33 at ¶ 12.)  Plaintiff's claim is distinguishable from an unknown group of speculative future patients with no actual agreement in place.  The plaintiffs in the cases that Defendant cites only speculated about future economic relationships.  *See Westside Ctr. Assoc. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 525 (1996) (Plaintiff did not succeed where the economic relationship was purely hypothetical).  However, here Plaintiff is alleging specific, current economic relationships with named doctors.

Plaintiff also has the burden of proving that there was the probability of economic benefit with a third party.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003); *Buckaloo v. Johnson*, 14 Cal. 3d 815, 827 (1975).  Defendant argues that Plaintiff failed to identify a future economic benefit.  (ECF No. 24 at 11.)  The law precludes recovery for overly speculative expectancies by initially requiring proof the business relationship contained "'the probability of future economic benefit to the plaintiff.'"  *Westside*, 42 Cal. App. 4th at 522 (citing *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987)).  Though it is necessary to infer that there would have been some benefit to the Plaintiff but for Defendant's interference, "the chance the expectancy otherwise would have occurred is necessarily a matter of some uncertainty."  *Westside*, 42 Cal. App. 4th at 522.

Plaintiff stated that she entered into agreements with a group of doctors that would allow her to provide hospitalist services to their patients.  (ECF No. 33 at ¶ 7.)  Plaintiff further alleges that Defendant explicitly instructed hospital staff to ignore the designation list that provided that the specific doctors' patients would be directed to Plaintiff.  (ECF No. 33 at ¶ 10.)  The Court could infer that but for Defendant's alleged interference, Plaintiff would have had the opportunity to work with the doctors that she had entered into agreements with, thus receiving the economic advantage of more patients.  However, this is not readily apparent.  Plaintiff does not provide any details about what the agreements entail, such as whether they were exclusive or not.  Furthermore, it is unclear whether the economic benefit would have resulted from the relationship with the third party doctors, or the speculative relationship with unknown future patients.

7

1    Therefore, given the facts presented by Plaintiff, the Court notes that it is unclear whether

2    Plaintiff has met her burden of establishing that she has an economic relationship with a third

3    party with the probability of a future economic benefit.

4         ii.    *Intentional acts on the part of the defendant designed to disrupt the relationship*

5         Defendant alleges that Plaintiff has not proven that Defendant has committed any

6    intentional wrongful act.  (ECF No. 34 at 11.)  The Court agrees.

7         "[T]he act of interference with prospective economic advantage is not tortious in and of

8    itself."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).  To state a

9    claim for intentional interference under California law, a plaintiff must allege that "the defendant

10   engaged in an independently wrongful act," that is "wrongful by some legal measure other than

11   the act of interference itself."  *Korea Supply Co.*, 29 Cal. 4th at 1153 (citing *Della Penna v.*

12   *Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995)).  This is understood as an act

13   "proscribed by some constitutional, statutory, regulatory, common law, or other determinable

14   legal standard."  *Korea Supply Co.*, 29 Cal. 4th at 1159.  In *Korea Supply Co.*, Korea Supply

15   Company satisfied the independent wrongfulness requirement by alleging that the defendant

16   engaged in bribery and offered sexual favors to key Korean officials in order to obtain a contract

17   from the Republic of Korea.  *Id.*  The specific bribery alleged was independently unlawful under

18   the Foreign Corrupt Practices Act.  *Id.*  Here, Plaintiff has not alleged any independently unlawful

19   act.

20        Plaintiff claims that certain individuals were instructed to ignore the designation list in

21   favor of Defendant.  (ECF No. 33 at ¶ 7.)  However, "an act must be wrongful by some legal

22   measure, rather than merely a product of an improper, but lawful, purpose or motive."  *Korea*

23   *Supply Co.*, 29 Cal. 4th at 1159, n. 11.  Plaintiff has not alleged that Defendant's conduct was

24   independently wrongful by a legal measure beyond the interference.  For example, Plaintiff has

25   not alleged that Defendant violated any constitutional, statutory, regulatory, common law, or

26   other determinable legal standard.  *See Korea Supply Co.*, 29 Cal. 4th at 1159.

27        Further, "[t]he tort of intentional interference with prospective economic advantage is not

28   intended to punish individuals or commercial entities for their choice of commercial relationships

8

or their pursuit of commercial objectives, unless their interference amounts to independently

actionable conduct." *Id.* at 1158-59.  Interference based on lawful competition is not actionable.

*See generally Bed Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners*,

52 Cal. App. 4th 867 (1997) (finding that plaintiff did not have a claim for intentional

interference with prospective advantage when defendant competitor competed successfully for a

lease).  As Defendant correctly argues, Plaintiff has not alleged that her agreement with the

doctors was exclusive so as to prevent any lawful competition.  (ECF No. 34 at 12–13.)

Defendant operated competing hospitalist services.  Plaintiff has not alleged any contract

or *exclusive* agreement that would preclude Defendant from participating in lawful competition.

Thus, because Plaintiff has not stated an independently wrongful act beyond that of tortious

interference, her claim must be dismissed with leave to amend.

**b.  Violation of California Business and Professions Code Section 17200 et seq. (Count II)**

Plaintiff's second cause of action alleges violation of California's Unfair Competition

Law ("UCL") pursuant to California Business and Professions Code Section 17200.  (ECF No. 33

at ¶ 17–20.)  Defendant asserts that the claim is derivative of the other claims made in the

Complaint, and as the other claims fail, this claim fails as a matter of law.  (ECF No. 34 at 2.)

Defendant argues that this Claim must be dismissed because Plaintiff has failed to establish any

independently actionable act to base the unfair competition claim upon.  (ECF No. 34 at 14.)

The UCL prohibits "any unlawful, unfair or fraudulent business act."  Cal. Bus. & Prof. §

17200.  "To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or fraudulent

business act or practice, or (2) unfair, deceptive, untrue or misleading advertising."  *Lippitt v*

*Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal quotations

omitted); *Gardner v. Am. Home Mortgage Servicing, Inc.*, 691 F. Supp. 2d 1192, 1201 (E.D. Cal.

2010).  "[A] practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' or vice versa."

*Cel-Tech Communs., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

*i.      "Unlawful" under the UCL*

"By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of

9

1   other laws and treats them as unlawful practices' that the unfair competition law makes

2   independently actionable." *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224,

3   1233 (2007) (citing *Cel-Tech Communs., Inc.*, 20 Cal. 4th at 180). "[A] violation of another law

4   is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit*

5   *Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). Where a plaintiff cannot state a claim

6   under the "borrowed" law, it cannot state a UCL claim either. *See, e.g.*, *Ingels v. Westwood One*

7   *Broadcasting Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

8          Defendant is not liable under Bus. and Prof. Code section 17200 for committing 'unlawful

9   business practices' without having violated another law. *Ingels*, 129 Cal. App. 4th 1050 at 1060.

10   In *Ingels* the plaintiff's underlying Unruh Act claim was dismissed, so there was no 'unlawful'

11   act upon which to base the derivative Unfair Competition claim. *Id.* Here, Plaintiff has not

12   alleged any 'unlawful' act to base the Unfair Competition claim upon. Thus, Plaintiff's UCL

13   claim cannot rest upon the UCL's unlawful component.

14          ii.        *"Fraudulent" under the UCL*

15          Additionally, Plaintiff has not shown that Defendant engaged in any fraudulent conduct.

16   "Under Federal Rule of Civil Procedure 9(b), a plaintiff pleading a claim of fraud, or any claim

17   that is 'grounded in fraud' must 'state with particularity the circumstances constituting fraud or

18   mistake.'" *Tuck Beckstoffer Wines LLC v. Ultimate Distribs.*, 682 F. Supp. 2d 1003, 1019 (N.D.

19   Cal. 2010) (citing Fed. R. Civ. P. 9(b)). "That is, the plaintiff must set forth with particularity the

20   'who, what, when, where, and how of the misconduct charged.'" *Tuck Beckstoffer Wines LLC*,

21   682 F. Supp. 2d at 1019 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

22   2003)). The plaintiff must also allege the misrepresentations themselves with particularity.

23   *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "A pleading is

24   sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant

25   can prepare an adequate answer from the allegations." *Id.* Here, Plaintiff has not stated with

26   particularity any circumstances constituting fraud. Plaintiff did not allege fraud and therefore did

27   not satisfy rule 9(b). Therefore, Plaintiff's UCL claim cannot succeed on the basis of fraudulent

28   conduct.

10

1

        *iii.*      *"Unfair" under the UCL*

2

"When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair'

3 act or practice invokes section 17200, the word 'unfair' in that section means conduct that

4 threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those

5 laws because its effects are comparable to or the same as a violation of the law, or otherwise

6 significantly threatens or harms competition." *Cel-Tech Comm'cns, Inc.*, 20 Cal. 4th at 187.

7

Here, Plaintiff alleges that Defendant's conduct "violated the prohibitions of Business and

8 Professions Code section 17200 et seq." (ECF No. 33 ¶ at 19.)  Even with the Court liberally

9 construing the facts that Plaintiff has alleged, these facts do not amount to unfair conduct.

10 Plaintiff has not alleged that Defendant acted "unfairly" under the UCL.  Further, Plaintiff has not

11 alleged any conduct that approaches a violation of an antitrust law or the policy or spirit of

12 antitrust laws.  *See also Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate*

13 *Services, Inc.*, 138 Cal. App. 4th 1215, 1225 (2006) (holding that the plaintiff's pleading was

14 insufficient when he failed to allege conduct approaching a violation of an antitrust law or the

15 policy or spirit of antitrust laws).  By failing to allege the grounds for which Plaintiff brought her

16 UCL claim, Plaintiff has failed to give Defendant fair notice of what the claim is and the grounds

17 upon which it rests.  Therefore, Plaintiff cannot succeed under the "unfair" prong of the UCL.

18

Plaintiff's claim for violations of the UCL cannot stand because Plaintiff has not alleged

19 that Defendant has engaged in any unfair, fraudulent, or unlawful acts.  Therefore, this claim is

20 dismissed with leave to amend.

21

    **c.  Interference with the Right to Practice a Profession (Count III)**

22

Plaintiff's third cause of action alleges Interference with the Right to Practice a

23 Profession.  In opposition, Defendant argues that (1) no such cause of action exists absent a

24 complete prohibition on the right to practice a profession, and this cannot be alleged; and (2)

25 Defendant has not and is not alleged to have committed any act that could be interpreted as

26 interfering with Plaintiff's right to practice in the medical profession.  (ECF No. 34 at 2.)

27

       *i.*      *There must be a complete prohibition on the right to practice a profession to*

28

              *allege interference with the right to practice a profession*

1    It is well established that a cause of action exists when "the right to pursue a lawful

2   business, calling, trade, or occupation is intentionally interfered with either by unlawful means or

3   by means otherwise lawful when there is a lack of sufficient justification." *Willis v. Santa Ana*

4   *Cmty Hosp. Ass'n*, 58 Cal. 2d 806, 810 (1962).  A cause of action for intentional interference with

5   the right to practice one's profession "requires intentional and malicious acts designed to prevent

6   the plaintiff from practicing her profession." *Love v. Permanente Med. Group*, 2013 U.S. Dist.

7   LEXIS 49750, at *8 (N.D. Cal. Apr. 5, 2013).  There must be a complete prohibition on the right

8   to practice a profession to allege interference with the right to practice a profession.  *See Love v.*

9   *Permanente Med. Group*, 2013 U.S. Dist. LEXIS 49750, at *9-10 (N.D. Cal. Apr. 5, 2013)

10  (holding that a motion to dismiss was appropriate when the plaintiff did not allege that the

11  defendant had deprived her of other opportunities in her field); *Feather River Anesthesia Med.*

12  *Group v. Fremont-Rideout Med. Group*, 2007 Cal. App. Unpub. LEXIS 7004 (Cal. App. 3d Dist.

13  Aug. 29, 2007) (holding that a claim for interference with the right to practice a profession can

14  prevail where plaintiffs were unable to work in an entire geographical area).

15    Plaintiff relies on the unpublished case *Feather River Anesthesia Med. Group v. Fremont-*

16  *Rideout Med. Group*, to argue that the claim of interference with the right to practice a profession

17  is recognized as an independent claim in California.  (ECF No. 44 at 5.)  Defendant, however,

18  correctly argues that *Feather River* is inapplicable because in order to successfully claim

19  interference with the right to practice a profession there must be a complete prohibition on the

20  right to practice a profession.  (ECF No. 34 at 2.)

21    The court in *Feather River* acknowledged that plaintiffs' claim for interference with the

22  right to practice a profession was sufficient.  *Feather River Anesthesia Med. Group v. Fremont-*

23  *Rideout Med. Group* at *40.  However, *Feather River* is distinguishable from this case.  The

24  plaintiffs in *Feather River* claimed that the defendants' unlawful anticompetitive conduct caused

25  them actual injury by preventing them from working in the entire citywide market.  *Id.* at 40.

26  Here, Plaintiff alleges that she was only prevented from practicing her profession at the named

27  hospital.

28    Further, in *Love v. Permanente Med. Group*, a motion to dismiss with leave to amend was

1  warranted when the plaintiff did not allege that the defendants deprived her of another

2  opportunity to become employed in her field.  *Love*, 2013 U.S. Dist. LEXIS 49750, at *9-10.  In

3  *Love*, similar to here, the plaintiff's allegations related solely to being deprived of the opportunity

4  to work for her specific former employer.  In the instant case, Plaintiff does not allege that

5  Defendant interfered with Plaintiff's right to practice medicine beyond the scope of the specific

6  hospital in this case.  Thus, this claim is dismissed with leave to amend.

7      IV. <u>CONCLUSION</u>

8          For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to

9  Dismiss Plaintiff's Complaint as follows:

10   1.  COUNTS I, II, and III are DISMISSED with leave to amend.

11   2.  Plaintiff is granted 30 days from the date on which this Order is filed to file an amended

12       complaint.

13   3.  Defendant shall file their responsive pleading within 21 days of service of the Third

14       Amended Complaint.

15   4.  Plaintiff is further notified that this action may be dismissed with prejudice under Rule

16       41(b) if she fails to file an amended complaint within the prescribed time period.

17   5.  If Plaintiff does not submit any amendments, this case will be closed.

18   6.  Plaintiff is notified that if the Third Amended Complaint cannot survive a 12(b)(6)

19       motion, it will be dismissed with prejudice.

20  IT IS SO ORDERED.

21  Dated:  March 13, 2015

22

23

24                                           Troy L. Nunley
                                             United States District Judge
25

26

27

28