UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTASHE GOLDEN, M.D., | No. 2:14-cv-497-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| SOUND INPATIENT PHYSICIANS MEDICAL GROUP, INC, AND DOES 1-10, inclusive, | |
| Defendant. | |

Plaintiff's former counsel previously moved to withdraw as attorney of record in this case. ECF No. 71. The motion, which was granted, indicated that plaintiff had filed a Chapter 7 bankruptcy petition.[1] *Id.* In light of that pending bankruptcy action, any right to recover on the claim(s) in this case are the property of the bankruptcy estate and not plaintiff. Upon a declaration of bankruptcy, all of the debtor's legal or equitable interests in property (includes causes of action) become the property of the bankruptcy estate. *Manlangit v. Nat'l City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)). Accordingly, plaintiff no longer has standing to proceed in this action. *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996) (holding claims under the Truth in Lending Act are included

---

[1] This case, in which plaintiff is now proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

as an interest under § 541(a)(1)).  Therefore, "a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims" or the claims are exempt from the bankruptcy estate.  *Manlangit*, 2010 WL 2044687, at *1 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

Plaintiff has not indicated that the bankruptcy trustee has abandoned the claim alleged herein or that this action is exempt from or should be excluded from the bankruptcy estate. Therefore, plaintiff and/or the bankruptcy trustee must either substitute or otherwise join as a party to this action, or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").  If plaintiff and the bankruptcy trustee fail to do so, the court will recommend that this action be dismissed with prejudice for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before July 8, 2016, plaintiff and/or the bankruptcy trustee shall substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).

2. If plaintiff and the bankruptcy trustee fail to comply with the Rule 17 requirements on or before July 8, 2016, the court will recommend that this action be dismissed with prejudice for failure to prosecute.

3. The Clerk of Court is directed to serve a copy of this order on the bankruptcy trustee, Michael D. McGranahan, at P.O. Box 5018, Modesto, CA 95352, and on the U.S. Trustee, Office of the U.S. Trustee, at 501 I Street, Room 7-500, Sacramento, CA 95814.

DATED: June 13, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE