UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTASHE GOLDEN, M.D., | No. 2:14-cv-497-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| SOUND INPATIENT PHYSICIANS MEDICAL GROUP, INC., AND DOES 1-10, inclusive, | |
| Defendant. | |

The court issued an order setting a status (pretrial scheduling) conference for August 3, 2016, and directing the parties to file a joint status report within fourteen days of the scheduled conference. ECF No. 81. The parties subsequently filed a stipulation to extend the date to file a joint status report by 90 days. ECF No. 82. The parties explained that an extension was appropriate because they had reached a tentative settlement of plaintiff's claims, which needed to be approved by the United States Bankruptcy Court for the Eastern District of California.[1]  *Id*.

/////

---

[1] After commencing this action, plaintiff filed a Chapter 7 bankruptcy petition. *See* ECF No. 71. Consequently, any right to recover on the claims in this case became the property of the bankruptcy estate and not plaintiff. *See Manlangit v. Nat'l City Mortg*.,2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010). Under the Federal Rules of Bankruptcy Procedure, a bankruptcy trustee's proposed settlement must be approved by the bankruptcy court. Fed. R. Bankr. P. 9019(a); *In re Berkeley Delaware Court, LLC*, 834 F.3d 1036, 1039 (9th Cir. 2016).

1

This court approved the parties' stipulation, continued the scheduling conference to November 2, 2016, and ordered the parties to file a joint status report by October 19, 2016.  ECF No. 83.

The parties, however, failed to timely file a joint status report.  Accordingly, the scheduling conference was continued to December 7, 2016, and the parties were ordered to show cause why they should not be sanctioned for their failure to comply with the court's order.  ECF No. 84; *see* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

In response, the parties explain that they believed that the scheduling conference would be taken off calendar given that they provided the court with notice of a tentative settlement.  ECF Nos. 86, 87.  How they derived at this erroneous assumption is not clear.  The parties notified the court of the tentative settlement in their proposed stipulation to extend the date to file a joint status report.  ECF No. 82.  The court issued a minute order approving the stipulation, continuing the scheduling conference to November 2, 2016, and ordering the parties to file a joint status report by October 19, 2016.  ECF No. 83.  Nothing in that order could suggests that the court intended anything other than what is said; i.e. that the status conference was continued to November 2 and that "Status reports re: Order 38 shall be due by 10/19/2016."  *Id.*

Notwithstanding the absence of good cause to justify the parties' failure to comply with the court's order, they have now filed a joint status report.  Accordingly, the court will discharge the order to show cause without imposing sanctions.  The parties are admonished, however, that any future failures to comply with court orders may result in monetary sanctions.

The court also continues the scheduling conference currently set for December 7, 2016.  On December 5, 2016, Michael McGranahan, the Chapter 7 Trustee, filed a supplemental status report indicating that he had filed in the bankruptcy court a Motion to Approve Compromise of the claims presented in this case, which is noticed for hearing on January 4, 2017.  In light of that motion, the court will continue the scheduling conference to February 15, 2017.  Counsel are

/////

/////

reminded of their obligation under Local Rule 160 to immediately notify this court of any settlement.

So Ordered.

DATED: December 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE